Good morning. May it please the court, I'm Doug Parker for Appellant Jack in the Box. This case is before this court on appeal of a remand order by the U.S. District Court for Oregon. In a, what is essentially a second case filed against my client. The first case was dismissed by the District Court. On grounds that the plaintiffs had, the named plaintiffs in a class action had failed to file consents as required by the Fair Labor Standards Act. And accordingly, the Fair Labor Standards Act claims were dismissed, thereby depriving the court of jurisdiction. The first, the first time through, the district judge dismissed this case, basically because on statute of limitations grounds, right? That's correct. You hadn't filed a consent within the relevant statutory period. That's correct, Your Honor. And the judge first time through said, and therefore I dismiss those claims with prejudice. Correct. And you and the, you and the plaintiff, plaintiff first, but you agreed, said to the judge, no, no, it's really a jurisdictional dismissal. Correct, Your Honor. That was wrong, wasn't it? I, I don't know that that was wrong. Well, tell me why, like it was either wrong or right, so tell me, tell me why it was right, if you think it was. Well, it was our assessment that the, if the case, if the court lacked jurisdiction at that point, it could not. Tell me what case says that, that failure to file the consents in time deprives the court of jurisdiction, as opposed to giving rise to the affirmative defense of limitations. You know, I, I apologize, Your Honor. We fully briefed that. I had all those cases in mind. We read all, I read every one of them. And I, and I, I think, I think you were dead wrong. You represented to, you represented to the court that this was a jurisdictional, after all, if I dismiss a claim on the basis of statute of limitations, you don't do it without prejudice. You don't get to bring it again. Your Honor, Your Honor, the, the first decision by the district court granting summary judgment in favor of Jack in the Box was not appealed. I mean, certainly not. Right, right. So it's a final decision. Correct. And it, and it stands for the proposition, which I think is incorrect, that the district court lacked jurisdiction to consider those claims. Assume that's right. Now we're stuck with this decision that wasn't appealed. And now we have to figure out what its preclusive effect is in suit number two. So, without regard to who's at fault for leading the district judge astray the first time, what's the preclusive effect of, I think you're both at fault. The preclusive effect, Your Honor, is for those individuals who were part of the first action. And those individuals were those individuals who were employed by Jack in the Box in company restaurants up through March 30th, 2010. And after that date, employees were now employed by franchise owners who were separate independent businesses. And that's the, the huge distinction here between the two cases. So that the judge didn't rule in the first case whether or not there was jurisdiction over claims with respect to people other than the people. Employed by Jack in the Box. Are they the same people, by the way? Did they switch? Not necessarily. Some of them did switch employment from Jack in the Box to franchisees. Three of the name plaintiffs went on to work for franchise owners. Three of the others didn't. And, and so those three individuals who went on to work for franchise owners. Now, I mean, the reason there's a, I mean, the big difference in this case, Your Honor, is that we don't know if the district court's summary judgment ruling would apply to those people as employees of the franchise owners. Do you know the district court never addressed the consent issue with respect to those people? With respect, how do we know that? We do know that. We do know that, correct. Right, so when we talk about issue precluding, as opposed to claim precluding, we talk about issue. There's a whole new claims period. There's a whole different claims period that starts after March 30th, 2010. I'm afraid you, you, you, you mistook my, my question for a hostile one. I guess I'm asking you to agree with the proposition that with respect to these new, these new plaintiffs, the district court never really addressed whether it had quote, unquote jurisdiction over their. It couldn't have. The, the claims weren't before her. Now, had there, had this been a claims preclusion? Interestingly enough, this is what, this is why this case troubles me. Had the district judge dismissed the first case on the basis of the statute of limitations and done it with prejudice, then I think, then I think the question would have been, is the plaintiff, was the plaintiff barred from bringing claims coming out of the same common core of facts? But that's not what we got here. We just have a determination that the named plaintiffs didn't, consents weren't filed in time, right? They didn't file them in time for the time period they worked for Jack in the Box itself. We don't know if, in fact, they would have valid claims under the Fair Labor Standards Act against Jack in the Box under this joint employer theory that is in the Jessilee two cases. It may be a good theory and it may be a bad theory, but we just don't know. We don't know because we don't have facts on the record. Let me ask you a different question. A different question. The statute gives us, I think, authority to hear appeals in cases like this, but we've said from time to time that when there's no big CAFA issue at stake, we're dealing with mistaken issue preclusion cases, if you will. Why should we exercise our jurisdiction here? I think we have the power to dismiss this and profitably grant it. Why should we exercise our jurisdiction here? Because you do have a significant issue here, and that is that you have a whole new claims group, if you will, who are not affected by the jurisdictional ruling in the first case. Let's say I agree with you on demerits, but the reason this issue is in front of us is because both sides got together and let the district judges stray in case one, and the district judges then said, well, having ruled on this once, I'm not going to rule on it again. Under those circumstances, why isn't this such a unique situation that we ought not exercise CAFA jurisdiction? Well, CAFA itself, as this court has said in the Jordan case, is to be broadly interpreted, is to be broadly applied. You have here an interstate employer with federal claims being brought against it, greatly expanded from the first go-around when jurisdiction was denied, and you really truly do have a separate set of facts. With respect to CAFA, I mean, the court did not decide CAFA the first time around. Because it wasn't a class action the first time around. It was a class action, but the plaintiff, I mean, the distinction here in second removal cases is this isn't a second removal. Right. This is not a second removal case. Right. And the plaintiff, when the plaintiffs first filed in federal court in the Jessilee 1 case, they did not raise CAFA jurisdiction. I take it that, see, and this is where I'm having trouble with sort of imputation. The district court the first time says no subject matter jurisdiction because both of you convince her that it should be a subject matter jurisdiction case. And now they say, well, that must have included CAFA too because the case would have been covered by CAFA, and therefore the court must have concluded that there was no CAFA jurisdiction the first time. Is that the argument? No. No, Your Honor. I mean, we don't think CAFA was part of the first case at all. The plaintiffs tried to bring it in. They were told they had to amend it. I don't think that they asserted CAFA jurisdiction the first time through. Right. So what did the judge decide about CAFA the first time through? She didn't. She made no decisions at all about CAFA. The only decision that was made regarding CAFA was by the magistrate judge prior to the summary judgment motion being filed when she advised the plaintiffs that if they were going to assert CAFA jurisdiction, they needed to amend their complaint. Right. Never did. They actually tried, but they also tried to make it part of this large omnibus. The judge said it was too late. Right, too late. It's the third amendment complaint. Right. Correct. Help me understand why there may be CAFA jurisdiction based on the federal question under the Fair Labor Standards Act. Well, we're not contending that. We're contending that CAFA stands on its own two feet. These are the state law claims. Yes, the state law claims. That's why I'm asking this question because I'm confused that we seem to have moved into CAFA based somehow on a dismissal based under a statute of limitations for filing consents to try to suit under the Fair Labor Standards Act. Well, that's not a CAFA issue. That's a federal question. You're absolutely correct, Your Honor. Though the CAFA question is quite unrelated. I agree with Your Honor. It's unrelated. This case stands on its own two feet under CAFA because they allege $45 million in damages. Right. What happened the first time through with the state law claims is that the state, due to the judge having dismissed the federal claims, said, I don't have to hear the state law claims because I assume they're brought supplementary. Correct? Were brought purely on a pendant basis by the plaintiffs. And so she dismissed on that basis. She thought they were 1367. The basis for jurisdiction would be 1367. Pendant, right. So the other thing I would say is that the district court in deciding not to, or deciding to remand on this go-around relied on the Bautista v. Park West Gallery case out of the Central District of California. And in so doing, the district court basically shifted to jack-in-the-box responsibility for jurisdictional defects, basically saying jack-in-the-box, you're just trying to cure jurisdictional defects from the first go-around. Bautista doesn't apply to this case at all. And I thought it was remarkable that the plaintiffs in the briefing of this don't even talk about Bautista. And it shouldn't apply. The correct standard is the changed circumstances rule. The Knudsen decision out of the Seventh Circuit is almost on all fours when you think about it. I mean, in Knudsen, you had a second case filed where the plaintiffs, like here, are now trying to expand their claims under an alter ego theory. In this case, it's significant because by expanding the claims, they have now gone into a whole new claims period that is not necessarily affected by the jurisdictional ruling the court made in Jesley 1. Well, let's assume the claims were exactly the same, the underlying substantive. I'm sorry? Let's assume that the underlying substantive claims are exactly the same. No new plaintiffs. The first time through, somebody tries to get into federal court, we're not dealing with the rule now by hypothetical, and says there's diversity. And the judge says, no diversity. One of these plaintiffs comes from the same state as the defendant. The second time through, the same claims are asserted, and the plaintiff says federal jurisdiction under 1331. Is there preclusion from the first suit? Well, the cases suggest that the court's going to take a dim view if it looks like the plaintiff is now basically trying to change things, to cure the jurisdictional defect. Well, not changing things, just making a different assertion. Is there preclusion? Well, it's preclusion if, in fact, the basis for that was known at the time of the first dismissal. That's exactly what Judge Brown said in remanding. The problem is that the same facts that she points to are procedural facts that are basically engineered offense. If you can see that, this relates to your Catholic claim. It relates to the claim that there's Catholic jurisdiction. You knew those the first time. Didn't argue that. I understand you're not the plaintiff. Why shouldn't that sort of argument apply here? You could have said to the judge the first time, wait a minute. There's Catholic jurisdiction here. We have state law claims. You have to proceed on them. It's not discretionary. You didn't do that. Does that stop you from going forward? Your Honor, that would be requiring me to argue against my client's interests. My client's interests in that case are to get the case dismissed, to get the case resolved. It's not my client's interest for me to make arguments to the court that extend jurisdiction, that expand the case. That's the plaintiff's job. Even though you're going to have litigating events, those claims should stay in court. You bring up a good point there. We might not be here if, upon dismissal of the federal claims, the plaintiffs had gone to state court and merely filed their state claims. But instead, they not only refiled the Fair Labor Standards Act claim, they basically filed whole new Fair Labor Standards Act claims. And you would have litigated those in federal court? We would prefer to litigate them in federal court. That's why we were moved, Your Honor, yes. Let's move to the other side. You've got about 40 seconds. Thank you, Your Honor. Good morning, Your Honors. John Egan for the plaintiffs. May it please the court. There were the same facts in existence the first time. We were over 5 million. It was minimal diversity. All the facts required for cap and jurisdiction were there the first time. Jack in the Box is claiming that, well, now there's even more cap and jurisdiction. But as one of my early legal mentors said, once you're in over your head, it doesn't matter how much deeper you go. We were over 5 million the first time. If it was 40 million the first time and 45 the second time, that's not new circumstances to get another crack at it. There is no circumstance. You have three new plaintiffs. No. You only have plaintiffs that are asserting different claims than before, correct? No, the claims are all the same. There were claims against Jack in the Box before as the franchisor? We alleged minimum wage and overtime claims under the Fair Labor Standards Act against Jack in the Box for employment under Jack in the Box. Where the franchisee employees came in is when we tried to certify an FLSA collective. Right. So that's a claim not involved in the first action, correct? Well, my client's individual claims against Jack in the Box were involved in the first action. Well, let me just, I want to make sure that I understand this correctly. The first action did not assert claims against Jack in the Box with respect to either the FSLA or state law for not paying wages to people who were employees of franchisors, correct? We attempted to. I understand, but it did not because the judge did not allow it. Correct. And the second action does assert those claims. Yes. So it's different from the first action in that respect, is it not? Arguably, yes. They were in play in the first action. Indisputably, yes. Well, Jack in the Box had noticed that we were asserting those claims in the first action. Had they chosen to remain in federal court, we could have resolved those issues on direct refuse. Let me ask you a different question. It's the one I asked your opponent. For whatever reason, the dismissal in the first action for absence of jurisdiction was incorrect, was it not? I think the dismissal for lack of jurisdiction was incorrect, but not the dismissal without prejudice. Under the relevant case law, dismissals under the statutes of limitation should be without prejudice. For the very reason that happened in this case, Oregon has a savings statute where if you refile a dismissal without prejudice, within 180 days, you cure any problems with service or commencement. So do you think the FSLA, F-L-S-A, the federal claims could have been cured by refiling? Yes, because when you file a claim in state court, state procedural rules define when commencement is. But you filed this case. There's a federal statute of limitations. Yes. I'm not sure why you need to go here, but I'm interested in it now that you said it. It is a federal statute that says the statute of limitations for this federal claim commences when consents are filed. Correct. And you think you can refile in state court and circumvent that federal statute? Yes, because the cases say that commencement is a procedural rule that is borrowed from the form in which the case is brought. I hope your case doesn't depend on this assertion. It doesn't. All right, so let me go back. The judge dismisses the first claim without prejudice, saying I lack jurisdiction. That's correct. So you're asserting issue preclusion here. Yes. Tell me what issue was resolved. The lack of federal subject matter jurisdiction. But don't our cases say, no, no, focus on when you're making issue preclusion, focus on the facts that the judge found, and focus on precisely what the trial judge did. And here she said, I lack jurisdiction because the consents weren't filed on time. She didn't say I lack jurisdiction because there's no minimum diversity. She didn't say I lack jurisdiction because there's – if you've gotten claim preclusion, I'd understand that. If it was claim preclusion, you'd say everything related to the claim can't be brought.  Well, except that Jack in the Box, specifically in their moving to dismiss for lack of supplemental jurisdiction, said this court lacks original jurisdiction over this case. I know. They filed a piece of paper that was wrong. You took advantage of that piece of paper and went to the judge and said these were the guys – no, you said these were the guys who said there was no original jurisdiction. So change your dismissal from with prejudice to without prejudice. And they said, yeah, we think they're right. So a pox on both your houses on that one. But for better or worse, the finding of no jurisdiction was based on the absence of the timely filing of consents, was it not? Yes. Any other finding the judge made in suit number one? Not that I know of. Go ahead. Right. So what you're saying is because she found there was an absence of jurisdiction based on the lack of timely filing of consents, that it also precludes them from claiming there is jurisdiction on any other basis over suit number two. That's your essential position, isn't it? That's the judicial estoppel argument that Jack in the Box – Well, the judicial estoppel, there's two separate issues. One is your preclusion. Yes. Judicial estoppel requires you to take inconsistent positions in suit one and in suit two, correct? But let's just focus on issue preclusion for a second. That is your position, right? She found there was no jurisdiction, right or wrong, and have repealed it, and therefore they cannot now assert any basis of jurisdiction. Correct. Okay. With respect to judicial estoppel, your claim is that they misled the court. So they took one position in suit number one and a different position in suit number two. I don't think we have to have a finding that they actively misled the court because I think the cases say that if there can be – an outsider looking in would think that the court had been misled in either suit one or suit two. In other words, all it has to be is antagonistic positions. Well, but on CAFA, did they take antagonistic positions? They tried to make a CAFA argument in suit number one. The court said for what I assume are good and sufficient reasons, sorry, you waited too long. No, we tried to make the CAFA argument. I think that makes the whole difference. But why is there an inconsistent position? Tell me what Jack in the Box did inconsistently with respect to CAFA. It told the court that there was no original jurisdiction of the case. But it didn't address CAFA, do you agree? Well, plaintiffs raised the CAFA issue. In the briefing we said, if you don't have supplemental jurisdiction, we have CAFA jurisdiction. Right, and the court said, I'm not going to let you amend your complaint to assert CAFA. But that was earlier. The amendment issue was earlier. This is in the briefing for the motion for the summary judgment. After the pleadings were set, Jack in the Box said, we say you have no supplemental jurisdiction, and therefore you should dismiss because there's no original jurisdiction. Right, and that's supplemental jurisdiction. They said under 1367C, you lack, it's a crazy argument, you lack original jurisdiction here. Since you lack original jurisdiction, you shouldn't exercise 1367C jurisdiction. That's the argument they made. They never said you lack CAFA jurisdiction. Right, they meticulously avoided addressing that after the plaintiffs brought it up. We told the court, even if we don't have supplemental jurisdiction, we have CAFA jurisdiction. But it's meticulously avoiding addressing something, taking inconsistent positions. Yes, because they say there's no original jurisdiction. And are you sure about that? Now, the notice of removal in the first case did not assert CAFA as a basis for removal. Is that correct? In the first case, it was filed originally in federal court. Correct. Oh, I see. So it was different from the first case. It was different. Right. And when you filed it, your only basis for asserting jurisdiction was federal question. And supplemental. And supplemental. And FLSA jurisdiction. Right, yes. 1331. Yes, federal question and supplemental. And 1367. 1367. I'm afraid I don't see the inconsistencies. Well, but if you look at the two cases that we cited in the materials, the selected risks case and the royal services case, the other district courts, and they're very rare, that have addressed this precise position where a plaintiff brings a case in federal court asserting federal question jurisdiction and supplemental jurisdiction where diversity jurisdiction exists but is not raised, and the defendant successfully obtains a dismissal for lack of jurisdiction, then when the case is refiled in state court, the defendant says, oh, now we want to be in federal court based on diversity jurisdiction. Those courts have all dismissed based on judicial establishment. What about removal cases? Yes. See, that's different. That's a case where the defendant says, you started this case in state court. I've got a reason why I'm removing it. No, no. In each of these cases that I'm talking to you, the plaintiff originally filed in federal court. Defendants sought, affirmatively sought, jurisdictional dismissal. Then upon refiling in state court, defendant removed. All of those courts have said, no, we're not going to look at that. And the same with the Third Circuit case in Brock. That's because it's an untimely removal. That's because you have to assert the basis of removal within 60 days of when you. They were not based on timeliness. They were based on judicial establishment. It's not like the Reyes case or the Jordan case. Neither of those two recent cases. In Reyes, before. I know a little about Reyes. Can you and Judge Smith say what's changed? That's not changed facts. Correct. But here we don't have that. There are changed claims here. But not jurisdictional claims. It's not as if it went from something over which the court doesn't have jurisdiction to something over which the court does have jurisdiction. If that had been the case, it would be Reyes. But the court had CAFA jurisdiction the first time and the second time. And the judicial establishment was in because Jack in the Box told the court, you don't have jurisdiction, despite plaintiffs having said where you have CAFA jurisdiction. And then so when the case is dismissed and they try to remove back to federal court, the three cases that I've found that have addressed that particular procedural issue have said, no, you reject the federal forum. We were already here. You could have said, yes, let's fight this out in federal court. The second asserted basis for jurisdiction existed the first time. And you rejected it and said we don't want it to be in federal court. Let me ask it this way. Let's assume that we find that there's federal question jurisdiction based upon the fact that we've got some different claims. Assuming that we agree with your argument as to judicial estoppel with respect to CAFA jurisdiction, but if there's federal question jurisdiction because we have different claims, that means there's 1367 supplemental jurisdiction, irrespective of CAFA. Well, I think it would be, first of all, it would be discretionary with the court whether to assert that 1367 supplemental jurisdiction. But let's say that you say that we have federal question and grace judicata and judicial estoppel don't apply from the first case because there's new claims being assigned. Well, it's the same plaintiffs and the same claims. I mean, it's a different claim period. It's a different class size. The cases that have considered whether changes in class definition provide a second, subsequent basis for removal have said, no, they don't. No, you're sliding off my question, or maybe I didn't make it precise. Let's assume that we conclude that there's federal question removal jurisdiction here because there are different claims now under the Fair Labor Standards Act. And while there is issue plus effect from the prior decision, it doesn't extend to these different claims. So we have federal question jurisdiction over these new claims. Got that. Now, you don't have to concede that we do, but for the purpose of my question, we do. For purposes of my question, if that's true, why don't we have or why would not the district court have 1367 supplemental jurisdiction over the state law claims? Well, given the ruling the first time and the race judicata effect, I think what you would have is Well, it doesn't have any race judicata effect because it's not issue. Use claim preclusion and issue preclusion. Okay. Given the issue preclusive effect of the first decision, I think that you'd have a situation where she would have to dismiss without prejudice anything that happened before the statute of limitations period and leave the rest to state court. I don't understand what you just said. Okay. So the judge ruled the first time that anything that happens prior to three years after their last three years preceding the filing of the consent, the court doesn't have jurisdiction over. So back in the first case, the allegations in the active complaint. I don't think they're asserting that those claims, everybody agrees those claims went away. Right. And the problem is that Jack in the Box is not currently asserting that the judge got it wrong. Jack in the Box is not currently asserting current federal question jurisdiction over D6 plaintiffs. I somehow have a feeling you're not answering my question about 1367. Okay. Yes. If there's unquestionable federal question jurisdiction, then the trial court does have the ability if she wants to, to keep the state claims. Whether or not there's GAFA jurisdiction. Yeah. Yeah. I mean, I think that's where we're at. When you said you were – when the cases that you recited for Dears Losopolis, in royal service, your primary case? Royal services is the primary one in this circuit. Selected risks is the one that's quoted by royal services. Right. Well, we've never addressed that, and there's at least some district court stuff to the contrary. Do you agree? I don't. The national railroad, the case in the northern district of Illinois, Worlds versus National Railroad. Well, I – Royal service is dead wrong. You can assert new jurisdictional claims either. Well, yeah, I mean, I don't know the particular case that you're talking about. I didn't find it. The cases that I looked for that were in this precise procedural posture, I didn't find any that didn't apply judicial estoppel. But you may be right. I just don't know. Okay. Thank you. Thank you for the response. I actually wanted to just very quickly address Your Honor's question about royal services. I think regardless how it's been received elsewhere, it's not applicable. The plaintiff in that case, after being dismissed from federal court, refiled only state claims in state court. So the whole federal basis went away, as I understand that decision. And as I said a few minutes ago – Yeah, but I think his analogy is the CAFA one. He says your CAFA claims are state claims. The CAFA claims in this case are state claims. You refiled the state claims in the state court. Yeah, CAFA applies. You didn't remove them on any basis except for – the only basis asserted is such a strange case because the plaintiff first files it in federal court and says, I want a federal judge. You say, no, no, I want a state judge. They refile it in state court and you say, I want a federal judge. And they say, no, no, I want a state judge. But I assume you all have good reasons for that. But at least the first time through, CAFA's not an issue, right? It was not an issue. Okay. Thank you. That's all I had to do. Thank you. Thank you very much. Thank you. Thank you. Thank you. Thank you.
judges: Walter, Fletcher, Hurwitz